Filed 1/17/23  P. v. Rodarte CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B320032 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. TA088727 |
| RICARDO CONTRERAS RODARTE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Pat Connolly, Judge. Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant Ricardo Contreras Rodarte filed a petition for resentencing under Penal Code[1] section 1170.95.[2] The trial court summarily denied the petition without appointing counsel and without issuing an order to show cause. Defendant appeals from the March 24, 2022 order denying his resentencing petition, and his appointed counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436. By letter dated November 8, 2022, we gave defendant 30 days to submit additional briefing or a letter stating any grounds for an appeal, or contentions, or arguments which he wishes this court to consider. To date he has not done so. After reviewing the record in this appeal, we find no appealable issue. Accordingly, we affirm the order.

## BACKGROUND

A detailed recitation of the facts is provided in this court's prior opinion. (*People v. Rodarte et al.* (Oct. 6, 2010, B209233) [nonpub. opn.] (*Rodarte*).) In sum, on January 12, 2007, defendant got out of a truck and walked towards Andrew Avalos and Michael Avalos with a gun in his hand. When defendant was 15 feet away from them, he pointed the gun at them and started walking towards them. Andrew and Michael fled into an alley, and defendant fired shots at them. Andrew was hit twice in the leg and fell down. Defendant moved into the alley while shooting

---

[1] All further statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered as section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

at Andrew and Michael. After Andrew told defendant to stop shooting at Michael, defendant shot Andrew. When Michael was lying on his side, defendant approached him, stood over him, and shot him two or three times in the head. Andrew told defendant to leave Michael alone. Defendant then fired multiple shots at Andrew, hitting him in the chest and left hand. Michael was mortally wounded and died shortly after the shooting. Andrew suffered seven gunshot wounds but survived the shooting. Andrew positively identified defendant as the person who shot him and Michael.

In 2008, a jury found defendant guilty of first degree murder for killing Michael Avalos (§ 187, subd. (a)). The jury found true the allegations that defendant killed the victim by means of lying in wait, personally used a firearm, personally and intentionally discharged a firearm, and personally and intentionally discharged a firearm which caused the victim's death (§§ 190.2, subd. (a)(15), 12022.53, subds. (b), (c) & (d)). The jury also found defendant guilty of the attempted murder of Andrew Avalos (§§ 664/187, subd. (a)). As to this victim, the jury found true the allegations that the attempted murder was willful, deliberate and premeditated, and that defendant personally used a firearm, personally and intentionally discharged a firearm, and personally and intentionally discharged a firearm which caused great bodily injury (§ 12022.53, subds. (b), (c) & (d)).

In *Rodarte*, this court modified defendant's sentence as follows: defendant was sentenced to a single term of life without the possibility of parole for the murder conviction, plus 25 years to life under section 12022.53, subdivision (d); defendant was sentenced to a consecutive term of life with the possibility of parole, plus 25 years to life under section 12022.53, subdivision

3

(d), for the attempted murder conviction; the remaining enhancements were stayed.

On February 1, 2022, defendant petitioned for resentencing under section 1170.95. In his form petition, defendant checked boxes indicating: (1) a complaint, information or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to him; (2) he was convicted of murder, attempted murder, or manslaughter; and (3) he could not now be convicted of murder or attempted murder because of changes to sections 188 and 189. Defendant also asked the court to appoint counsel for him during the resentencing process.

On March 24, 2022, the trial court summarily denied the petition without appointing counsel for defendant. After reviewing the court file, the court determined that defendant "was the actual killer and was not convicted under a theory of felony-murder of any degree, or a theory of natural and probable consequences. There is no jury instruction for aiding and abetting, felony murder, or natural and probable consequences." It also determined that the opinion in *Rodarte* reflects that defendant was the actual killer and was convicted on a theory of being the direct perpetrator.

Defendant filed a timely notice of appeal.

## DISCUSSION

Following the *Wende* guidelines, we have reviewed counsel's brief and the record in this appeal. We discern no arguable issue.

Based on defendant's petition, the trial court was required to appoint counsel and allow the parties to file briefs before

4

considering the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 962–963, 971–972.) That said, we find the failure to appoint counsel and permit briefing to be harmless because there is no evidence in the record that the jury was instructed on felony murder, the natural and probable consequences doctrine, aiding and abetting, or any other theory under which malice could be imputed to defendant based on his participation in the crimes. (See § 1172.6, subd. (a) ["A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court" to have the conviction vacated].) The jury also found true the lying in wait and personal gun use allegations (§§ 190.2, subd. (a)(15), 12022.53, subds. (b), (c) & (d)). The record therefore shows that defendant was convicted as Michael Avalos's actual killer, and of directly attempting to kill Andrew Avalos. Because he is statutorily ineligible for relief, it is not reasonably probable that if defendant had been afforded assistance of counsel and the ability to file briefing, he would have avoided summary denial of his petition.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

EGERTON, J.